HAMITER, Justice.
In two separate indictments (Nos. 50,340 and 50,341 in the district court and Nos. 47,953 and 47,954 here) Grand Jury of East Baton Rouge Parish charged Senator Jack C. Frugé, a member of the Louisiana State Senate, with the violation, on two different occasions, of LRS 14:138, the Public Payroll Fraud Statute. Two additional indictments (Nos. 50,342 and 50,343 in the district court and Nos. 47,955 and 47,956 here) alleged that he was guilty of criminal conspiracy (LRS 14:26) to violate LRS 14:-138(2), the allegations being based mainly on the same circumstances giving rise to tire first mentioned two charges.
The defendant filed a motion for a bill of particulars in each case. The state answered with virtually identical responses in all four matters.
Thereafter, Senator Frugé demurred to and moved to quash the indictments (all grounds therefor being the same), and the causes were consolidated for the purpose of argument on such motions.
After a hearing the trial judge sustained all four demurrers and motions to quash and dismissed the prosecutions, he assigning the same reasons for his ruling in each case.
Inasmuch as the state took four appeals from the rulings, we shall render a separate decree on each appeal. However, because of the similarity of the issues in the causes (as is indicated by the fact that the state and the defendant each submitted here but one brief for all cases) we shall discuss the several motions in this one opinion.
The principal question presented in this court by the appeals is whether the indictments, read in connection with the facts alleged in the answers to the motions for bills of particulars (a position advocated by and most favorable to the defendant, and which, for the purpose of this discussion, we shall assume to be proper), adequately charge the commission of the crime denounced by LRS 14:138(2), or a conspiracy to commit that offense.
LRS 14:138(2) pertinently provides: “Public payroll fraud is committed when:
“ :¡í * *
“(2) Any public officer or public employee shall carry, cause to be carried, or permit to be carried, directly or indirectly, upon the employment list or pay roll of his office, the name of any person as employee, or shall pay any employee, with knowledge that such employee is receiving payment or compensation for services not actually rendered by said employee or for services grossly inadequate for such payment or compensation.”
LRS 14:26, insofar as appropriate, states: “Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or *613 more of such parties does an act in furtherance of the object of the agreement or combination.”
The indictment in cause No. 47,953, on the docket of this court, charges that on or about May 13, 1963 Jack C. Frugé “ * * * feloniously violated R.S. 14:138, thereby committing public payroll fraud, in that he, a public officer, in his capacity as a State Senator, indirectly carried and permitted to be indirectly carried, by use of the name of Charlyn Stokes, upon the employment list and payroll of the Louisiana State Senate, as an employee of his office, specifically as a Secretary, one Elouise Stegall, with knowledge that such employee was receiving payment and compensation for services not actually rendered by the said Elouise Stegall and for services grossly inadequate for such payment and compensation, *
The identical charge is contained in cause No. 47,954, on the docket of this court, with the exceptions that the date shown is different and the name Mary Lou Alsobrooks is substituted for the name Charlyn Stokes.
The indictment in cause No. 47,955, on the docket of this court, charges that on or about May 13, 1963 Jack C. Frugé “ * * * unlawfully violated R.S. 14:26 and R.S. 14:138, Paragraph 2, in that he, a public official, in his capacity as State Senator, entered into an agreement with Elouise Stegall for the specific purpose of violating R.S. 14:138, Paragraph 2, and that, in furtherance of the object of said agreement, he indirectly carried and permitted to be carried indirectly upon the employment list and payroll of the Louisiana State Senate the said Elouise Stegall, by use of the name of Charlyn Stokes, as an employee of said office, specifically as a Secretary, and paid the said Elouise Stegall, for services rendered as a Secretary, with knowledge that the said Elouise Stegall was receiving payment and compensation for services not actually rendered and for services grossly inadequately for such payment and compensation, *
The identical charge is contained in cause No. 47,956, on the docket of this court, with the exceptions that the date shown is different and the name Mary Lou Alsobrooks is substituted for the name Charlyn Stokes.
The trial judge, in sustaining the demurrers and motions to quash, concluded that the state’s answers showed that Senator Frugé had “recommended” Miss Stegall (using another person’s name) for employment; that she was placed on the State Senate payroll; and that under such facts the Senator could not be guilty of having placed her on the payroll of “his” office as required by the statute.
Urging here that this conclusion is correct the defendant asserts that, although the indictments allege that Miss Stegall was carried on the Senate payroll as an employee of “his” (Frugé’s) office, the facts set forth in the state’s answers show that she was on the payroll and employment list of the State Senate, not that of the defendant; and that such answers do not disclose that the Senator’s office even had a payroll or an employment list.
 Despite the defendant’s contention (and the holding of the district judge) to the contrary, we think that under the provisions of LRS 14:138(2) a public official can be guilty of a breach thereof even though he may not have a formal payroll or employment list as such. When a public official, by virtue of his office, has and exercises appointive powers to fill certain positions (as here), his appointees are his employees and their names, wherever physically “carried”, make up the employment list of “his” particular office, albeit their salaries are paid out of a fund used for the operation of the entire department in which the official performs his duties.
Particularly, we think that the clause in the statute reading: “ * * * shall carry, cause to be carried, or permit to be carried, directly or indirectly, * * * ” connotes the interpretation placed on the language by us, because it indicates an intent to include not only the public official who “physically carries” his own employment list but also one who “causes” or “permits” an employee *614 to be “indirectly” carried on the payroll of “his” office when such is physically under departmental control.
For us to construe LRS 14:138(2) otherwise would render the salutary provisions of the enactment ineffective as to the vast number of public officials who appoint or control public employees, within or by virtue of their particular offices, when such employees are, for streamlined bookkeeping purposes primarily, physically carried on a departmental list or payroll and their salaries are payable from a fund applicable to the entire department within which the appointing or controlling officials also serve. We do not believe that the Legislature intended to exclude such a large class of public officials from the operation of the enactment.
The language of the statute, when considered in its usual sense, and in connection with the context and with reference to the purpose of the provision, clearly lends itself to the interpretation we have announced above; and the interpretation does not extend such statute by analogy so as to create crimes not provided for therein. See LRS 14:3.
With such construction of the statute in mind, we have considered the facts alleged in the state’s answers (as the defendant would have us do) and we do not find that they in any way contradict, deny or limit the assertion in the indictments that Miss Stegall was on the employment or payroll list “as an employee of his (Frugé’s) office.”
Nor do the answers recite, as suggested by the district judge in his reasons for judgment, that Senator Frugé merely “recommended” Miss Stegall (under the name of one or the other designated persons) for employment by the Senate. To the contrary, the averment in this respect is that the defendant signed a slip “commonly referred to as a ‘Recommendation for Employment’ ”, "naming” each person interposed as a secretary. The answers also aver that "under the rules and customs of the Senate the checks of the Senators, as well as ewu-ployees placed on the payroll by them, are handed to the Senator concerned for distribution” ; and that at least one of the checks had been “handed to her (Miss Stegall) by Senator Frugé personally.” Furthermore, in another part of the answers it is stated that “Senator Jack C. Frugé appointed” both of the parties interposed for Miss Stegall as secretaries to the Louisiana State Senate.
In our opinion these facts set forth in the answers to the motions for the bills of particulars strengthen, rather than detract from or limit, the allegations of the indictments that Miss Stegall was placed upon the Louisiana State Senate payroll by the accused as an employee of “his” office within the intendment of LRS 14:138(2).
It is noted that the conspiracy indictments allege that Senator Frugé, a public official in his capacity as State Senator, placed Miss Stegall on the payroll of the State Senate “as an employee of said office”. The quoted phrase, we think, refers to the Senator’s office. But assuming arguendo that it is somewhat ambiguous — that is, whether the “said office” refers to the office of the accused or to the State Senate — any ambiguity in this respect is resolved by the allegations in the answers to the motions for the bills of particulars heretofore referred to, they being to the effect that the Senator “appointed” each of the persons interposed for Miss Stegall.
Also, we notice that LRS 14:138(2) denounces not only the placing of such persons on the payroll or employment list, but payment to them as well. The conspiracy indictments allege an agreement to violate the statute as to both denunciations. Consequently, with respect to the charge of payment they are sufficient irrespective of whichever payroll or employment list Miss Stegall was on.
Accordingly, our conclusion is that all four indictments are adequate and valid *615 Whether tire state is successful m properly proving the charges, on a trial of the merits of the cases, is a matter not presented to us for decision at this time.
For the reasons assigned the judgment of the district court in the instant cause is reversed and set aside, the defendant’s demurrer and motion to quash are overruled, and this case is remanded for further proceedings according to law and in keeping with the views herein expressed.
FOURNET, C. J., is of the opinion that the trial judge’s ruling is correct.
SUMMERS, J., is of the opinion the judgment of the trial court is correct and therefore dissents.